UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CONNOR CULIVER, DAVID BURKHARDT,　　　　Case No.: _____
MICHAEL HECKMULLER and
GAVIN YINGLING,

                        Plaintiffs,　　　　**COMPLAINT**

     - against -

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
TRANSPORTATION, UNITED STATES MERCHANT
MARINE ACADEMY, JAMES A. HELIS and
JOHN DOES 1-10,

                        Defendants.
-------------------------------------------------------------------X

       The plaintiffs, Connor Culiver ("Culiver"), David Burkhardt ("Burkhardt"), Michael Heckmuller ("Heckmuller") and Gavin Yingling (collectively "Plaintiffs"), by their attorneys, Hogan & Cassell, LLP, as and for their Complaint against the defendants, United States of America, United States Department of Transportation, United Merchant Marine Academy, James A. Helis, individually and as Superintendent of the United States Merchant Marine Academy and John Does 1-10 (collectively "Defendants"), alleges the following:

## SUMMARY OF THE CLAIMS

1.    This is an action for relief based upon Defendants' conduct in improperly preventing Plaintiffs from graduating from the United States Merchant Marine Academy.

## JURISDICTION AND VENUE

2.    This action arises under the Administrative Procedures Act, 5 U.S.C. § 701, et seq., the Due Process Clause of the Fifth Amendment and Bivens v. Six Unknown Federal Bureau of Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971).

3. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 2201.

4. Venue is properly established in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) as the acts complained of occurred in the Eastern District of New York.

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action on each and every one of their claims for which they are entitled to a jury.

## THE PARTIES

6. Plaintiffs are all students in their final year at the United States Merchant Marine Academy.

7. At all times set forth herein, upon information and belief, the defendant United States Department of Transportation is an agency of the United States of America, located at the West Building, 1200 New Jersey Avenue, SE, Washington, D.C. Upon information and belief, the United States Department of Transportation operates, funds and/or maintains the United States Merchant Marine Academy, located at Kings Point, New York.

8. At all times set forth herein, upon information and belief, the defendant United States Merchant Marine Academy (the "Academy"), is an educational institution that is an instrumentality of the federal government charged with the responsibility of training the officers of the United States Merchant Marine, located at 300 Steamboat Road, Kings Park, New York. The Academy is owned, operated and/or maintained by the United States Department of Transportation.

9. At all times set forth herein, upon information and belief, the defendant James A. Helis ("Helis") is the Superintendent of the Academy.

10. Defendants John Does 1-10 are agents, employees and/or officers of the United States Department of Transportation and/or the Academy.

## FACTUAL BACKGROUND

11. Plaintiffs are seniors at the Academy and scheduled to graduate on June 17, 2017.

12. Throughout their tenure at the Academy, Plaintiffs have always complied with the rules and taken responsibility for their actions.

13. On or about June 2, 2017, Plaintiffs received notice from Helis that their graduation would be deferred, seemingly in perpetuity, because of an investigation that was initiated by Colin Harvath ("Harvath"), who was a freshman in 2016 and a member of the soccer team.

14. According to the notice, Plaintiffs were placed on deferred graduate status pursuant to the Superintendent Instruction 2011-06, pending the investigation.

15. Superintendent Instruction 2011-06 states that a deferred graduate is "a first classman who fails to complete all graduation requirements by the end of the third term classes, or by the conclusion of the Academy-scheduled United States Coast Guard (UCG) license examinations."

16. Plaintiffs completed all graduation requirements.

17. Superintendent Instruction 2011-06 only permits the Academy to place a student on deferred graduate status for three specific reasons: 1) an academic issue; 2) a medical issue; or 3) a regimental issue.

18. A regimental deferred graduate is defined as "A midshipman who has not satisfactorily completed all regimental requirements by graduation day. This status may be conferred by the Superintendent at any time, based upon the recommendation of the

3

Commandant."

19. Plaintiffs completed all regimental requirements.

20. Notably, upon information and belief, during Harvath's period of indoctrination at the Academy, he indicated that he wanted to leave the Academy.

21. Plaintiffs were all members of the Academy's soccer team.

22. In the fall of 2016, the team was on a bus traveling to their hotel and consistent with school tradition the upper classman teased the freshman members of the team.

23. Upon information and belief, at some point, Harvath threw a banana at an upper classman.

24. In response, some of the other upper classmen apparently threw water on Harvath.

25. Upon information and belief, Harvath alleged that he was dosed with urine.

26. None of the Plaintiffs participated in any conduct directed at Harvath, let alone any conduct that could be considered harassment.

27. Upon information and belief, Harvath created the allegations in order to provide an excuse to get out of the Academy without stating that he is quitting.

28. Each Plaintiff has completed all requirements necessary to graduate from the Academy and but for the baseless allegations raised against them were scheduled to graduate on June 17, 2017.

29. Significantly, while Defendants are precluding Plaintiffs from graduating from the Academy, Plaintiffs have not been provided with a hearing or any form of due process.

30. On or about June 8, 2017, Plaintiffs' counsel sent a letter to the Academy's counsel requesting that the Academy reconsider its decision.

31. On June 8, 2017, the Academy's counsel responded that "The Academy will not

4

reconsider its decision to place Mr. Culiver, Mr. Burkhardt, Mr. Yingling, and Mr. Heckmuller on deferred graduate status."

32. Plaintiffs have no adequate remedy at law.

## COUNT I
## RELIEF PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "32" above as if set forth fully herein at length.

34. Defendants are all agents as defined by 5 U.S.C. § 701, and thus, their actions are subject to review under the Administrative Procedure Act.

35. Defendants' actions are final.

36. There is no adequate remedy at law.

37. Defendants' action in placing Plaintiffs on deferred graduate status is violative of the Academy's own rules and procedures inasmuch as Plaintiffs do not fall within the definition of a "deferred graduate."

38. Defendants' action in placing Plaintiffs on deferred graduate status is violative of the Academy's own rules and procedures and the Due Process clause of the Fifth Amendment since it has the effect of suspending Plaintiffs and punishing Plaintiffs without providing Plaintiffs with an executive board hearing or any form of due process.

39. Defendants' action in placing Plaintiffs on deferred graduate status without providing Plaintiffs with any due process and premised upon baseless allegations is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to Constitutional right (specifically the Due Process clause of the Fifth Amendment); and/or in excess of statutory jurisdiction, authority, or limitations.

5

40. Pursuant to 5 U.S.C. § 706, this Court should hold Defendants' action to be unlawful and should set aside Defendants' conduct in precluding Plaintiffs from graduating.

41. Pursuant to 5 U.S.C. § 706, this Court should hold Defendants' action to be unlawful and should compel Defendants to permit Plaintiffs to graduate.

## COUNT II
## VIOLATION OF THE FIFTH AMENDMENT, PROCEDURAL DUE PROCESS

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "41" above as if set forth fully herein at length.

43. Plaintiffs have property and liberty rights in their education, the degree they sought, an official commission and all other benefits granted thereunder as a result of successfully graduating from the Academy.

44. Defendants' action with respect to Plaintiffs' property and liberty rights amounted to a deprivation of such rights in that Defendants are improperly precluding Plaintiffs from graduating from the Academy.

45. The deprivation occurred without due process as afforded by the Fifth Amendment of the United States Constitution, as Defendants failed to afford Plaintiffs a meaningful opportunity to properly oppose being placed on deferred graduate status.

46. Defendants failed to follow the normal procedures to safeguard the rights of Plaintiffs and treated Plaintiffs in a manner that was inconsistent with the manner in which they handled other midshipmen.

47. Defendants failed to comply with their own procedures relating to the timing of any discipline, including, but not limited to, the procedures set forth in the Academic Policies Handbook; the Superintendent's Instruction regarding Deferred Graduates; and the Honor Manual.

6

48. Plaintiffs have not been provided with any hearing or any opportunity for a hearing.

49. The decision to preclude Plaintiffs from graduating was not a careful and deliberate decision and Plaintiffs were not afforded any specific basis for being placed on deferred graduate status.

50. As a result of Defendants' conduct, Plaintiffs are entitled to declaratory and injunctive relief.

## COUNT III
### VIOLATION OF THE FIFTH AMENDMENT, SUBSTANTIVE DUE PROCESS

51. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "50" above as if set forth fully herein at length.

51. Plaintiffs have property and liberty rights in their education, the degree they sought, an official commission and all other benefits granted thereunder as a result of successfully graduating from the Academy.

52. Defendants' action with respect to Plaintiffs' property and liberty rights amounted to a deprivation of such rights in that Defendants are improperly precluding Plaintiffs from graduating from the Academy.

53. Defendants' decision to preclude Plaintiffs from graduating was arbitrary and capricious and did not involve the exercise of professional judgment.

54. Defendants' decision to preclude Plaintiffs from graduating was motivated by faith or ill will unrelated to Plaintiffs' academic performance.

55. Defendants' aforementioned conduct violated Plaintiffs' rights and was in violation of the Fifth Amendment of the United States Constitution.

56. Defendants' violations of the Fifth Amendment have injured and will continue to injure Plaintiffs. Plaintiffs are entitled to equitable and injunctive relief, compensatory and punitive damages sustained as a result of Defendants' violations.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

1. Declare the actions of Defendants, their agents, employees, others and successors in interest as illegal and violative of the U.S. Constitution and federal law.

2. Pursuant to 5 U.S.C. § 706, hold Defendants' action to be unlawful and set aside Defendants' conduct in precluding Plaintiffs from graduating.

3. Pursuant to 5 U.S.C. § 706, hold Defendants' action to be unlawful and compel Defendants to permit Plaintiffs to graduate.

4. Order Defendants to compensate, reimburse and otherwise make Plaintiffs whole for compensatory, actual and punitive damages in an amount to be determined at trial.

5. Direct Defendants to pay Plaintiffs all of their costs, expenses and reasonable attorneys' fees.

6. Grant such other and further relief as is just.

Dated: June 12, 2017

Respectfully submitted,

HOGAN & CASSELL, LLP

By: _____
Michael Cassell
*Attorneys for Plaintiffs*
500 North Broadway, Suite 153
Jericho, New York 11753
Tel. 516-942-4700
Fax 516-942-4705
Email: mcassell@hogancassell.com

8