UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| BRENNAN BECKER, | **ANSWER** |
| Plaintiff, | Civil Action No.<br>17 CV 3514 (L) |
| -against- | |
| | 17 CV 3543(C) |
| JAMES HELIS, in his capacity as Superintendent United States Merchant Marine Academy, UNITED STATES MERCHANT MARINE ACADEMY, UNITED STATES DEPARTMENT OF TRANSPORTATION, and the UNITED STATES OF AMERICA, | (Wexler, J.)<br>(Locke, M.J.) |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendants JAMES HELIS, in his capacity as Superintendent United States Merchant Marine Academy, UNITED STATES MERCHANT MARINE ACADEMY, UNITED STATES DEPARTMENT OF TRANSPORTATION, and the UNITED STATES OF AMERICA, ("Defendants"), by their attorney BRIDGET M. ROHDE, Acting United States Attorney for the Eastern District of New York, James H. Knapp, Assistant United States Attorney, of counsel, hereby answers the Complaint in this action upon information and belief as follows:

## SUMMARY OF CLAIMS

1.  Aver that paragraph one of the complaint describes Plaintiff's characterization of the nature of this action, to which no response is required. To the extent a response is deemed required, Defendants deny.

## JURISDICTION

2.  Aver that paragraph two of the complaint does not set forth allegations of material fact, but merely describes Plaintiff's characterization of the jurisdictional bases of this action, to

which no response is required.  To the extent a response is deemed required, Defendants deny.

## PARTIES

3. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the paragraph 3 of the complaint; except admit that at the time of the events complained of, Plaintiff was in his final year of study at the United States Merchant Marine Academy; and deny that Plaintiff was scheduled to graduate on June 17, 2017.

4. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the paragraph 4 of the complaint; except admit that Defendant James A. Helis was and is the Superintendent of the United States Merchant Marine Academy.

5. Aver that United States Merchant Marine Academy is located at 300 Steamboat Road, Great Neck, New York 11024; deny the remaining allegations set forth in paragraph 7 of the complaint.

6. Admit that United States Department of Transportation headquarters is located at 1200 New Jersey Avenue, SE, Washington DC 20003; deny the remaining allegations set forth in paragraph 7 of the complaint.

7. Admits.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the paragraph 8 of the complaint; except deny that Plaintiff completed all course and practical requirements that the prerequisites for graduation.

9. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the paragraph 8 of the complaint.

10. Deny.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the paragraph 11 of the complaint.

12. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the paragraph 12 of the complaint.

13. Aver that Plaintiff received a notice dated June 2, 2017, signed by Defendant Helis and respectfully refer the Court to the document for the true and accurate contents thereof; deny the remaining allegations set forth in paragraph 13 of the complaint.

14. Aver that Plaintiff received a notice dated June 2, 2017, signed by Defendant Helis and respectfully refer the Court to the document for the true and accurate contents thereof; deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the paragraph 14 of the complaint.

15. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the paragraph 15 of the complaint.

16. Deny.

17. Admit.

## DETRIMENTAL IMPACT ON PLAINTIFF

18. Deny.

## FIRST CLAIM

19. Defendants repeat, reallege and reassert their responses to paragraphs one through 18 above as though set forth fully herein.

20-22. Deny.

## SECOND CLAIM

23. Defendants repeat, reallege and reassert their responses to paragraphs one through

22 above as though set forth fully herein.

24. Deny.

### THIRD CLAIM

25. Defendants repeat, reallege and reassert their responses to paragraphs one through 24 above as though set forth fully herein.

26. Admit.

27. Aver that paragraph 27 sets forth legal conclusions to which no response is required; to the extent responses are deemed required, Defendants deny.

28-29. Deny.

### FOURTH CLAIM

30. Defendants repeat, reallege and reassert their responses to paragraphs one through 29 above as though set forth fully herein.

31. Aver that paragraph 31 sets forth legal conclusions to which no response is required; to the extent responses are deemed required, Defendants admit.

32. Aver that paragraph 32 sets forth legal conclusions to which no response is required; to the extent responses are deemed required, Defendants admit.

The "Wherefore" clause sets forth Plaintiff's prayer for relief, to which no response is required; to the extent responses are deemed required, Defendants deny Plaintiff is entitled to any relief. To the extent any allegation of material fact remains unanswered, Defendants deny each such allegation.

### FIRST DEFENSE

The complaint should be dismissed for lack of subject matter jurisdiction.

**SECOND DEFENSE**

The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**THIRD DEFENSE**

The complaint should be dismissed as moot.

**FOURTH DEFENSE**

Plaintiff is not entitled to declaratory or injunctive relief.

**FIFTH DEFENSE**

Plaintiff is not entitled to an award of attorney's fees or costs.

**SIXTH DEFENSE**

The complaint should be dismissed to the extent that Defendant Helis has been sued in his official capacity and, thus, is protected by sovereign immunity.

**SEVENTH DEFENSE**

The Complaint should be dismissed because Defendant Helis is immune from liability under the doctrine of qualified immunity.

**EIGHTH DEFENSE**

The complaint should be dismissed because the acts and/or omissions of the Defendants were not the proximate cause of any injury to, or deprivation of constitutional rights of, Plaintiff.

**NINTH DEFENSE**

The complaint should be dismissed because the actions of the Defendants was at all times

lawful and reasonable.

## TENTH DEFENSE

The complaint should be dismissed in accordance with the doctrine of equitable estoppel.

Dated: Central Islip, New York
      November 3, 2017

                                      BRIDGET M. ROHDE
                                      Acting United States Attorney
                                      Eastern District of New York
                                      Attorney for Defendant
                                      610 Federal Plaza, 5th Floor
                                      Central Islip, New York 11722

                            By:    s/ James H. Knapp, AUSA
                                      JAMES H. KNAPP (JK 5517)
                                      Assistant United States Attorney
                                      (631) 715-7879

To:    **VIA ECF**
        Ronald W. Meister, Esq.
        Joelle A. Milov, Esq.
        Cowan, Liebowitz & Latman, PC
        Attorneys for Plaintiff Brennan Becker
        114 West 47th Street
        New York, New York 10036