WWW.GVLAW.COM

**GALLO VITUCCI KLAR** LLP

Richard Gonzalez
Long Island Office
rgonzalez@gvlaw.com
646.695.1726

April 12, 2018

**VIA: ECF**

Hon. Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
East Islip, New York 11722

      **Subj: Docket No. 17 CV 3514 (JS)(SIL)**
            **(and associated, consolidated cases 17 CV 3543, and 17 CV 3639)**

Dear Judge Seybert:

    We represent the Victim ("John Doe," a fictitious name) in the above referenced matter. The Victim was a student at the United States Merchant Marine Academy in 2016 and is the person plaintiffs allege initiated their problems. The Victim resigned from the Academy in Fall 2016 due to the conduct of the plaintiffs.

## VICTIM'S PRIVACY RIGHTS

    The Victim respectfully asserts his rights to privacy pursuant to 18 U.S.C. §3771, and respectfully requests that the Victim's name be redacted from the Culiver plaintiffs' various court submissions appearing on the public docket or, alternatively, be ordered "under seal" *in toto*:

    Culiver et al. vs. United States, et al, 17 CV 3514:

- Docket Entry #1: Complaint at ¶¶13, 20, 23, 24, 25, 26, 27
- Docket Entry #8: Memorandum of Law in Support of Motion to Show Cause at "Relevant Facts" which repeats the Complaint allegations, Exh. 1 Complaint, and Exh. 2 plainitffs' Affidavits.
- Docket Entry #15: Amended Complaint at ¶¶13, 20, 23, 24, 25, 26, 27

    The Victim's name is required to be protected and not disclosed under the "Restricted Report" procedures and the Privacy Act, 5 U.S.C.§552, and Crime Victim's Rights, 18 U.S.C. §3771. The Victim never consented to, nor was formally notified, that his name appeared in the pleadings.

    In a court hearing held July 21, 2017, Judge Wexler stated on the record, "I had a conference in chambers which is confidential to protect the interests of victims, and I have ruled that all the victims' names are going to be excluded. So they are protected." This ruling has not been followed as to documents on the docket.

Manhattan 90 Broad Street, 12th Floor, New York, NY 10004 • New Jersey 1 University Plaza, Suite 306, Hackensack, NJ 07601
Westchester One Bridge Street, Suite 140, Irvington, NY 10533 • Long Island 100 Crossways Park West, Suite 305, Woodbury, NY 11797

MAILING ADDRESS: 100 CROSSWAYS PARK WEST, SUITE 305, WOODBURY, NY 11797 • 212.683.7100

The Court should note that the "Notice of Deferred Graduation Status" transmitted by the U.S. Merchant Marine Academy to the plaintiffs (Culiver, Burkhardt, Heckmuller, Yingling, and Maier) upon which plaintiffs' originally based their lawsuit, did not contain the Victim's name. Therefore, we are at a loss as to why, or to what benefit, plaintiffs chose to publicly state the Victim's name in their pleadings, or why the Government defendants have not acted to protect it. We ask the Court to do so.

Accordingly, we respectfully request the Court's intervention to protect the Victim's interests.

## **FRCP 24 INTERVENTION**

Furthermore, we respectfully notify the Court that the Victim intends to file a Motion to Intervene as a plaintiff, pursuant to FRCP 24, against all the present plaintiffs for their intentional and negligent conduct directed at Victim during the soccer season, including the incident occurring on September 2, 2016 in the State of Maryland while on a soccer team trip. The undersigned is informed that plaintiffs' conduct is currently under investigation by the U.S. Attorney's (EDNY) office and Department of Transportation Inspector General's office.

In addition, as part of an intervening complaint, the Victim intends to name the men's soccer coaches, Michael Smolens, John Fitzgerald, and Geoff Cochrane, as defendants in their individual capacities, for their negligent and intentional conduct during the 2016 soccer season.

The Victim has submitted formal administrative claims to the U.S. Department of Transportation and U.S. Maritime Administration pursuant to the Federal Tort Claims Act. This Court lacks jurisdiction to hear Victim's tort claims against any government defendants until the relevant federal agencies have disposed of the FTCA claims. If the agencies decline the claims, we anticipate moving to amend Victim's intervening Complaint at a future time to add tort claims against the agencies.

There is more to this case than what has heretofore been presented. Assuming, *arguendo*, the truth of plaintiffs' affidavit testimony that "teasing" of freshman students by upperclassmen was "consistent with school tradition," such "tradition" would violate the Academy's own policies and NCAA regulations. It should never have been allowed or condoned by the team players, coaches, or the Academy. Yet, according to the plaintiffs, it occurred traditionally.

The Victim's intervention in this matter will provide the Court much needed truth and context. The Victim's account of relevant facts will be largely opposite to plaintiffs' account and would provide some basis for the actions taken by the Academy. It will provide the Victim an opportunity to protect his own interests which, clearly, are not adequately protected by any of the current litigants, while these plaintiffs are subject to this Court's jurisdiction. To hear and dispose of the case without the Victim's direct involvement will impair his ability to protect his interests efficiently in one forum. Since formal discovery has not begun, the Victim's intervention will cause no prejudice or unreasonable delay.

The Victim anticipates that the Motion to Intervene and proposed intervening Complaint will be ready for filing by **April 20, 2018**.

Accordingly, we respectfully request that the Court maintain the *status quo* of this matter until the Victim moves to intervene. Following that, if the motion is granted, we respectfully request the Court to schedule an in-person conference to organize discovery.

We thank the Court for its time and consideration on this matter.

Very respectfully,

GALLO VITUCCI KLAR LLP

Richard González, Esq.