

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLR/JHK

*610 Federal Plaza*
*Central Islip, New York 11722*

April 13, 2018

Honorable Joanna Seybert
United States District Judge
Eastern District of New York
Long Island Federal Courthouse
Central Islip, New York 11722

    Re:    Culiver, et al. v. United States of America, et al.
              Civil Action No. 17 CV 3514 (L) (Seybert, J.) (Locke, M.J.)

            Becker v. Helis, et al.
              Civil Action No. 17 CV 3543 (C) (Seybert, J.) (Locke, M.J.)

Dear Judge Seybert:

       This Office represents Defendants in the above-captioned consolidated actions. The undersigned respectfully submits this letter in opposition to the "relief" requested by "John Doe," in his April 12, 2018 letter to the Court. Docket No. 72. John Doe asks the Court "to maintain the *status quo*" while he prepares a motion to intervene and a proposed intervening complaint, which he anticipates will be ready for filing by April 20, 2018. As set forth below, the Court should deny John Doe's request because: a) the parties to the action will dismiss this action and thus there will be no underlying case for John Doe to intervene in; and b) John Doe would not be prejudiced by the dismissal as against Defendants.[1]

**Procedural Posture of the Consolidated Actions**

       Plaintiffs commenced this action in June 2017 seeking declaratory and injunctive relief for alleged violations of Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. (the "APA"). Plaintiffs also sought unspecified damages for alleged constitutional violations pursuant to *Bivens v. Six Unknown Federal Bureau of Narcotics Agents*, 403 U.S. 388 (1971) ("Bivens") against James Helis, Superintendent of the United States Merchant Marine Academy

---

[1] Defendants will be filing Stipulations of Dismissal contemporaneously with this letter.

("USMMA").[2] Plaintiffs' claims arose over their placement in "deferred graduate" status pending the outcome of a Department of Transportation, Office of the Inspector General ("DOT-OIG") investigation into alleged assaults committed by USMMA midshipmen. The DOT-OIG is investigating the USMMA men's soccer team.

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Under § 706(2)(A) of the APA, the standard for judicial review is whether the agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1980). *See e.g.*, *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971) abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977) (stating "[t]he court is not empowered to substitute its judgment for that of the agency;" *Village of Grand View v. Skinner*, 947 F.2d 651, 657 (2d Cir. 1991).

Judicial review under the APA "is 'narrow,' limited to examining the administrative record to determine 'whether the [agency] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Natural Res. Def. Council, Inc. v. Muszynski*, 268 F.3d 91, 97 (2d Cir. 2001) (quoting *City of New York v. Shalala*, 34 F.3d 1161, 1167 (2d Cir. 1994)).

Here, by amended order, dated June 16, 2017, Judge Wexler permitted Plaintiffs to "walk" at the graduation ceremony, but refused to order that Plaintiffs receive their diplomas. Docket No. 18. Subsequently, during the Fall of 2017, Plaintiffs graduated from the USMMA and received their diplomas and United States Coast Guard ("USCG") licenses. See 46 C.F.R. § 310.65(b)(2). Thus, the only claims arguably remaining in the case are: 1) Plaintiffs demand for commissions in the various branches of the United States military; and 2) the Culiver Plaintiffs *Bivens* claims against Defendant Helis. Neither claim is cognizable. First, neither the Department of Defense, nor any branch of the United States military is a party to this action and, in any event, the decision to commission a USMMA midshipman as an officer in the military or the military reserve is a discretionary act. See 46 U.S.C. § 51306(a)(4); 46 C.F.R. 310.65(b)(1)(iii). Second, a *Bivens* claim against Defendant Helis should be dismissed for several reasons, including that the APA provides an adequate available remedy. Wilkie v. Robbins, 551 U.S. 537, 561-62 (2007).

By letter dated January 25, 2018, Defendants requested a pre-motion conference seeking leave to file a motion dismiss Plaintiffs remaining claims and/or for summary judgment.[3] On March 6, 2018, Judge Wexler conferenced with the parties to discuss the merits of Defendants' proposed motion and alternatives to motion practice. Since that time, the parties have been discussing a disposition of the case, and circulating drafts of a stipulation of dismissal. To that end, the parties received two extensions of time to submit a status report, including most recently

---

[2] Plaintiff Becker limited his claims to alleged violations of the APA.

[3] The undersigned respectfully refers the Court to the government's January 25, 2018 letter for an explanation of the bases of Defendants' proposed motion. Docket No. 62.

by this Court on April 10, because counsel for the five Culiver Plaintiffs had been unable to obtain responses from all of their clients, which they now have.

### **John Doe Will Not Be Prejudiced By Dismissal of this Case As Against Defendants**

As John Doe acknowledged in his letter, he may not proceed against Defendants under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (the "FTCA") (which is not the basis for Plaintiffs' claims) until he first exhausts administrative remedies. 28 U.S.C. § 2675; *see also McNeil v. United States*, 508 U.S. 106, 111 (1993) (citing 28 U.S.C. § 2675(a)); *Tenorio v. Murphy*, 866 F. Supp. 92, 98 (E.D.N.Y. 1994). And although John Doe states that he submitted formal administrative claims to the United States Department of Transportation and the Maritime Administration, as of this filing, counsel for the USMMA, who has been in contact with both agencies, has advised the undersigned that the agencies have yet to receive John Doe's administrative claims. Thus, upon information and belief, the six months allotted to the agencies under the FTCA within which to make final disposition of John Doe's claims has not begun.

In addition, John Doe's belief that because discovery has not begun, his desire to intervene will cause no prejudice or unreasonable delay is unfounded. As noted, by the time he seeks to intervene all claims will have been dismissed and there will be no underlying action. Further, John Doe's letter cites no basis to intervene at this time, particularly when Judge Wexler resolved Plaintiffs' APA claims against Defendants many months ago.

Based on the foregoing, Defendants respectfully submit that John Doe's request should be denied.

                Respectfully submitted,

                RICHARD P. DONOGHUE
                UNITED STATES ATTORNEY

By:    s/ JAMES H. KNAPP, AUSA
        JAMES H. KNAPP
        Assistant United States Attorney
        (631)715-7879

cc:    All Counsel of Record