LAW OFFICES OF

# THOMAS M GRASSO LLC

*~ Admitted New Jersey & New York ~*
8 Willow Street, Cranford, New Jersey 07016-1855
T: (908) 514-8850 / F: (908) 325-6187
www.tmgrassolaw.com

April 13, 2018

BY ECF

Hon. Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
East Islip, New York 11722

        Re:  Culiver et al., v United States, et al.
              Docket No. 17 CV 3514 (and associated, consolidated cases
              17 CV 3543, and 17 CV 3639)
              Our File:  146-1

Dear Judge Seybert:

    We represent the Victim ("John Doe," a fictitious name) in the above referenced matter, along with our local counsel Richard Gonzalez, Esq. of Gallo Vitucci Klar LLP.  We write further to Mr. Gonzalez's letter filed April 12, 2018 [Docket #72] and in response to James H. Knapp, Esq., AUSA, letter of today [Docket #74] and the Status Reports [Docket #s 77&78].

    The Government's position as set forth in Mr. Knapp's letter is disappointing but not unexpected.  The Victim was never made a party to the lawsuit.  The Academy never informed or apprised the Victim of the proceedings despite the fact that his name and the allegations against him are splattered across the face of the complaints.  The Government quietly abdicated its legal responsibility to him in failing to protect his interests pursuant to 18 U.S.C. §3771, and continue to do so by trying to dismiss the lawsuit before the Victim can be heard.  The Government did not offer an explanation for its shortcomings in today's letter.

    Turning to the plaintiffs, their complaints are replete with the Victim's name and allegations that HE was the wrongdoer.  Plaintiffs accepted no responsibility themselves for their own conduct directed at the Victim and actually deny doing anything at all.

    Plaintiffs allege [Culiver Amended Complaint, Docket #15] in pertinent part:

22.  In the fall of 2016, the team was on a bus traveling to their hotel and **consistent with school tradition the upper classman[sic] teased the freshman members** of the team.
    .       .       .

26.  **None of the plaintiffs participated in any conduct directed at [John Doe]**, let alone any conduct that could be considered harassment.

27.  Upon information and belief, **[John Doe] created the allegations in order to provide an excuse to get out of the Academy without stating that he is quitting**.

[emphasis added]

Affidavits attached to their Motion to Show Cause [Docket #8] recite the same.

While it is "tradition" to "tease" the freshman ("Plebes" in Academy vernacular), plaintiffs deny following "tradition" and did not "direct any conduct" at the Victim?  Does the Government really believe Plaintiffs were distant from the Victim and that the Victim's account was fictional?

As the Court might anticipate, the Victim's account is quite the opposite.  Please accept the following excerpt from the Victim's FTCA claim submitted to the Department of Transportation and Maritime Administration this week, and which was originally reported to the Academy in October 2016 as part of the Victim's "Restricted Report":

> The worst of this was when I was sexually assaulted on Sept. 2nd, 2016 while on a soccer TM on our way to a tournament.  I was being yelled at for almost anything.  So I was sitting on the bus and all of a sudden I was slapped by a banana in the face.  Out of anger I threw it backwards and hit [REDACTED] in the face.  As I was quick to apologize, seniors [REDACTED] and [REDACTED] called me back to "have a talk."  These two individuals had already been harassing me throughout the year, but I believed they actually wanted to have a conversation.  But as soon as I got back there they shoved me to the ground.  When I hit the ground they pulled my boxers and shorts to my ankles.  As I was naked on the floor they tried to shove a banana and I believe hands into my anus and privates.  As this was happening [REDACTED], who I believe was peeing on me, doing something with liquid, pouring it on my head, yelling "Plebe we told you to shave your pubes."  After a few minutes of struggling I managed to get up and run to my seat.  While running the seniors tried shoving their fingers in my butt as I ran by.  Their excuse to me later was, "It happens to every plebe."  As soon as I got off the bus at the hotel I was told how bad I smelled and was not spoken to by anyone.

These statements will be among the allegations in the coming complaint.  Missing from this excerpt is the portion that implicates the coaching staff in enabling and condoning a hostile culture within the soccer team, and the impact on the Victim following the attack.

The Victim's account mirrors many of the charges the Academy lodged against the plaintiffs administratively, which were read into the record by the Government at the July 21, 2017 court hearing.  The Victim is, essentially, seeking to bring a civil suit for damages within the same lawsuit, and based upon the same facts, that the plaintiffs brought their lawsuit against the

Academy for the Academy's charges against them. Strangely, and improperly, the Victim was left out of all this.

The Governments letter suggests that they are unaware of the full extent of the assault and that the Victim's claims are something that they are not aware of. That is not the case. The Government has known since at least October 2016 of this claim and the facts upon which it is based. The Government concedes that the Academy soccer team is currently under DOT-OIG investigation. From the moment the Victim reported the incident to the Academy, the Government had a duty to protect his interests. This purported "settlement" does nothing to protect the Victim.

The Victim has been unable, until only recently, to have the courage to confront those who harmed him. This is not unusual for victims of sexual abuse and hazing. Unfortunately, the plaintiffs and the Government now appear to be in lockstep against the Victim.

So why, therefore, is the current forum appropriate for the Victim to enter?

The Victim's report is what began the investigation of the plaintiffs and formed the underlying basis of the Academy's disciplinary charges against them, all of which is already in the public record. The Victim's testimony is integral to both the merits of Plaintiffs' claims and the Academy's defenses, despite the sudden reconciliation between the parties—again—WITHOUT informing the Victim of any of the process or protecting his interests. His interests have not been protected, which is what he is asserting now. The Government has offered no explanation for this, and continues to fail to protect his interests now.

This District has the pleasure of personal jurisdiction over all the litigants. The plaintiffs hail from states across the county and, due to the nature of maritime industry, possibly all over the world. Yet they freely chose to submit to the jurisdiction of this Court to hear their complaints and to seek redress. The Victim wishes to do the same while this Court still has jurisdiction over them for the same set of facts that caused them to be here in the first place.

If the Court permits the parties to dismiss the case, the Victim will have no choice but to sue each in Federal Court in their respective home states. Defendants will include the Academy team coaches, who are presumably already subject to this Court's jurisdiction as New York residents. The Victim is willing to do whatever is necessary to bring his claims against these responsible parties. That can be done simply in the present forum in this case and be much for efficient for judicial economy purposes, where this Court has power to compel party testimony.

We respectfully request the Court protect the Victim from being harmed by these parties any further. To that end, we respectfully request the Court to hold the stipulations of dismissal in abeyance and maintain the *status quo* while the Victim prepares a formal motion to intervene. The current litigants are making their best efforts to sweep this case and all its underpinning facts under the carpet as soon as they can, which appears to have become a matter of urgency the moment our original letter was filed. All the Victim seeks is the fair opportunity to make a proper motion, not to pre-litigate it in a letter writing campaign.

                                                  Page 4
Hon. Joanna Seybert USDJ
Culiver v. USA
Docket No. 17 CV 3514

---

Thank you very much for your time and consideration of this urgently important matter.

                        Respectfully submitted,
                            Law Offices of
                    **Thomas M Grasso** LLC

By: *[signature]*

                        Thomas M. Grasso, Esq.
                        tom@tmgrassolaw.com

TMG/

cc:  All parties via ECF