# HOGAN & CASSELL, LLP
ATTORNEYS & COUNSELORS AT LAW
500 NORTH BROADWAY
SUITE 153
JERICHO, NEW YORK 11753

TELEPHONE: (516) 942-4700
TELECOPIER: (516) 942-4705
www.hogancassell.com

SHAUN K. HOGAN+
MICHAEL D. CASSELL■

NEW JERSEY OFFICE
FREEHOLD CENTER
4400 ROUTE 9 SOUTH, SUITE 1000
FREEHOLD, NEW JERSEY 07728
TELEPHONE: (732) 303-7488

+ALSO ADMITTED IN MASSACHUSETTS
■ALSO ADMITTED IN NEW JERSEY

April 16, 2018

**FILED BY ECF**

Honorable Joanna Seybert
U.S. District Judge
100 Federal Plaza
Central Islip, New York 11722

Re: Culiver, et al. v. USA, et al., 17 CV 03514 (JS) (SIL)

Dear Judge Seybert:

    This Firm represents the plaintiffs, Connor Culiver, David Burkhardt, Michael Heckmuller, Gavin Yingling and Cory Maier (collectively "Plaintiffs"), in the above-captioned matter. This letter is submitted in response to the April 13, 2018 letter on behalf of John Doe ("Doe") (docket entry 79) requesting that the Court hold the stipulations of dismissal in abeyance and maintain the *status quo* until Doe can file a motion to intervene. Doe's request should be denied.

    Most significantly, it is axiomatic that an action is automatically terminated upon the filing of a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii). Thus, there is no basis to grant the relief sought by Doe. In fact, courts addressing this exact issue have uniformly denied such a request. See Salah Eldin Abdelfatah v. Elnenaey, 2016 U.S. Dist. LEXIS 9677, at *4, 2016 WL 354032 (S.D.N.Y. Jan. 13, 2016) (in denying the motion to intervene as "mooted by the parties' stipulated dismissal", the court explained that once a stipulation is filed pursuant to Fed. R. Civ. P. 41(a)(1)(ii) "the Court has no additional role to play"); GMAC Commer. Mortg. Corp. v. LaSalle Bank N.A., 213 F.R.D. 150, 2003 U.S. Dist. LEXIS 5515, at **2 (S.D.N.Y. March 4, 2003) (noting "that dismissal under Rule 41(a)(1)(ii) is effective automatically and does not require judicial approval" and thus, "'A stipulation [under Fed. R. Civ. P. 41(a)(1)(ii)] filed during the pendency of a motion to intervene is effective to dismiss the action'"); Reagan v. Fox Navigation, LLC, 2005 U.S. Dist. LEXIS 17268, at *3-*4, 2005 WL 2001177 (D. Conn. Aug. 17, 2005 (in denying the motion to intervene, the court explained that the filing of a stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(ii) "immediately terminates the case and does not require any judicial approval" and "[c]onsequently, courts have ruled that once the parties have filed a Rule 41(a)(1)(ii) stipulation of dismissal, there is no longer a pending case or controversy into which a non-party may intervene."); see also Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc., 675 F.3d 149, 160 (2d Cir. 2012) ("'since intervention contemplates an existing suit in a court of competent jurisdiction and because intervention is ancillary to the main cause of action, intervention will not be permitted to breathe life into a 'nonexistent' law suit.'"); Kunz v. N.Y. State Comm'n on Judicial

2

Misconduct, 155 Fed. Appx. 21, 22 (2d Cir. 2005) ("where the action in which a litigant seeks to intervene has been discontinued, the motion to intervene is rendered moot."); Patton Boggs LLP v. Chevron Corp., 2016 U.S. Dist. LEXIS 169286, at *23, 2016 WL 7156593 (S.D.N.Y. Dec. 7, 2016) ("An application to intervene presupposes the continued existence of a lawsuit over which the court has jurisdiction and, in consequence, that a motion to intervene in a terminated case must fail").

Since this action was dismissed by the filing of a stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(ii) on April 13, 2018, Doe's request that the Court preclude the parties from dismissing this action so that he can make a motion to intervene is baseless. Simply put, since this action has been dismissed by stipulation, there is nothing left for the Court to adjudicate. See, e.g., In re Wolf, 842 F.2d 464, 466 (Ct. App. D. Col. 1988) (in holding that the court erred by adding conditions to a stipulation filed pursuant to Fed. R. Civ. P. 41(a)(1)(ii), the court noted that the entry of a stipulation filed pursuant to this Rule "'is effective automatically and does not require judicial approval'" and that the parties have an "'unconditional right to a Rule 41(a)(1)(ii) dismissal by stipulation.'").

Further, even if there was an action pending, there would still be no basis to permit Doe to intervene. As set forth in the letter submitted to the Court by Defendants' attorney, James Knapp (docket entry 74), Plaintiffs commenced this action to challenge being placed in "deferred graduate" status. The main cause of action was premised upon the Administrative Procedure Act (the "APA"). Plaintiffs also asserted equitable relief pursuant to the Due Process clause. After commencing the action, Plaintiffs were afforded hearings and have all graduated from the Merchant Marine Academy (the "Academy"). They have received their diplomas and Coast Guard licenses.

According to the letter submitted by Doe's attorney (docket entry 79), Doe seeks to increase the scope of this matter exponentially by including multiple new parties and multiple new claims (many of which are not even ripe). Given that Plaintiffs have already achieved the relief sought by this action and have already dismissed the action, it is beyond cavil that they would be severely prejudiced should this action remain open just so Doe can litigate his claims. As the Second Circuit noted in United States v. Pitney Bowes, Inc., 25 F.3d 66, 72 (2d Cir. 1994), intervention is not warranted if it would prejudice the original parties to the action.

Further, Plaintiffs feel compelled to respond to three issues raised in Doe's April 13, 2018 letter (docket entry 79) and April 12, 2018 letter (docket entry 72).

First, Doe's reliance upon 18 U.S.C. § 3771 is severely misplaced. That statute only applies to a person harmed by a Federal offense and only applies "to court proceedings 'involving an offense against a crime victim.'" See United States v. Rubin, 558 F. Supp. 2d 411, 418 (E.D.N.Y. 2008); Mayfield v. British Bankers' Ass'n, 2014 U.S. Dist. LEXIS 184818, at *8 (S.D.N.Y. July 22, 2014) (explaining that the Crime Victims' Rights Act affords crime victims rights in federal criminal cases). This action, however, was an action commenced by Plaintiffs pursuant to the APA and Due Process seeking to graduate from the Academy.

3

Second, while Doe asserts that Plaintiffs somehow acted improperly by including his name in the Complaint, Memorandum of Law and Amended Complaint in light of the comments made by Judge Wexler on July 21, 2017, it should be noted that all of the documents referenced by Doe were filed prior to July 21, 2017. In any event, Judge Wexler never directed Plaintiffs to redact Doe's name from any filings.

Finally, though Doe implies that there was something suspect by the timing of the filings of the stipulations of dismissal, asserting that doing so became a matter of urgency once he filed his April 12, 2018 letter (see April 13, 2018 letter at 3), nothing could be further from the truth. In fact, as noted in Mr. Knapp's letter, the parties have been discussing dismissing the action without prejudice since March 6, 2018, and Defendants had provided Plaintiffs with stipulations of dismissal prior to receiving the April 12, 2018 letter.

Highlighting that it was evident that the matter was going to be dismissed, when I sent the status letter to the Court on April 10, 2018, I only requested an additional three days to report back to the Court. This is because by April 10, 2018, the Firm had already confirmed with four of the five Plaintiffs that the matter could be dismissed without prejudice. And, by the morning of April 12, 2018, we had confirmed with the fifth Plaintiff (it took somewhat longer than anticipated to reach him since he was at sea).

Plaintiffs submit that the only thing questionable about the timing in this matter is Doe's waiting until ten months after this action was commenced and after the parties had already agreed to discontinue the action, to first apprise the Court and the parties that he seeks to intervene in the action.

I appreciate the Court's attention to this matter.

Respectfully submitted,

HOGAN & CASSELL, LLP

Michael Cassell

cc: All counsel (via ECF)